**Reason GUKUTU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74971.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Judith L. Wood, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kay Sewell, United States Attorney's Office, Oklahoma City, OK, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM [**]

Reason Gukutu, a native and citizen of Zimbabwe, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's decision for substantial evidence, INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review in part, grant in part, and remand.

Because the IJ did not make an adverse credibility determination, we accept Gukutu's testimony as true. See Lim v. INS, 224 F.3d 929, 933 (9th Cir.2000).

Substantial evidence supports the IJ's denial of withholding of removal because Gukutu has not demonstrated that it is more likely than not he will be persecuted if returned to Zimbabwe. See id. at 938.

Substantial evidence supports the IJ's denial of CAT relief because Gukutu did not establish that it is more likely than not he would be tortured if returned to Zimbabwe. See Kumar v. Gonzales, 444 F.3d 1043, 1055–56 (9th Cir.2006).

Substantial evidence also supports the IJ's finding that the single incident of physical harm that Gukutu endured did not rise to the level of past persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003).

However, substantial evidence does not support the IJ's conclusion that Gukutu failed to demonstrate a well-founded fear of future persecution on account of his membership in the Movement for Democratic Change ("MDC"). See Lim, 224 F.3d at 935. The IJ's conclusion that Gukutu was not singled out for harm while in Zimbabwe is contradicted by Gukutu's testimony that ruling party supporters attacked him with a machete at an MDC rally, and that his name was put on a list of MDC supporters. Additionally, Gukutu testified that individuals searched for him at his former residence while he was in hiding.

Furthermore, the IJ's conclusion that Gukutu's well-founded fear is undermined by his family's safe presence in Zimbabwe is not supported because Gukutu's family is not similarly situated to him. See id. at 935. Contrary to the IJ's finding, Gukutu's ability to obtain a passport and enter and exit Zimbabwe does not diminish his well-founded fear. See Khup v. Ashcroft, 376 F.3d 898, 905 (9th Cir.2004); see also Boer–Sedano v. Gonzales, 418 F.3d 1082, 1091–92 (9th Cir.2005). Finally, despite

R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the IJ's reliance on MDC's representation in parliament, MDC members are routinely targeted for persecution by the ruling party. *See Kaiser v. Ashcroft,* 390 F.3d 653, 658 (9th Cir.2004). Accordingly, Gukutu is eligible for asylum. We remand for a discretionary determination of whether Gukutu should be granted asylum. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.